IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BRANDON C. SAMPLE § | |
| § | |
| V. § | C.A. NO. C-02-265 |
| § | |
| FEDERAL BUREAU OF PRISONS § | |

**ORDER DENYING MOTION FOR RECONSIDERATION
AND DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT**

Pending before the Court is Plaintiff Brandon Sample's (Sample) "Motion for Reconsideration of Order Denying Motion for Relief from Judgment" (D.E. 60), and his "Second Motion for Relief from Judgment Under Rule 60(b)(4)." (D.E. 62). For the reasons set forth herein, Sample's motions are DENIED.

**I. BACKGROUND AND PROCEEDINGS**

On June 17, 2002, Sample filed this civil rights action challenging the Bureau of Prisons' Inmate Financial Responsibility Program, 28 C.F.R. §§ 545.10-.11. By Memorandum and Recommendation entered March 17, 2003, it was recommended that the action be dismissed for failure to state a claim. (D.E. 41). By order entered April 10, 2003, the Court adopted the recommendation over Sample's objections, and dismissed the complaint. (D.E. 45). Sample appealed and the Fifth Circuit affirmed in a per curiam opinion issued February 13, 2004. (D.E. 50, 57).

In pertinent part, the Fifth Circuit concluded:

> Sample should have raised his challenge to the restitution aspect of his sentence on direct appeal. United States v. Hatten, 167 F.3d 884, 887 & n. 5 (5th Cir. 1999). The dismissal of the complaint for failure to state a claim is AFFIRMED.

(D.E. 57 at 2). On May 18, 2004, Sample's petition for writ of certiorari was denied.

On June 16, 2005, Sample returned to this Court and filed a motion for relief from judgment pursuant to Rule 60(b), Fed. R. Civ. P., arguing that the Court had lacked jurisdiction to consider his

original complaint. (D.E. 58). Sample argued that, based on the Fifth Circuit's opinion and reference to the Hatten decision, this Court was without jurisdiction to consider his restitution claim. Id. Sample requested that the order of dismissal for failure to state a claim be vacated and substituted with a judgment dismissing his claims for lack of jurisdiction. Id. By order entered July 6, 2005, the Court denied Sample's motion for reconsideration finding that it had jurisdiction over Sample's *civil* action seeking injunctive relief, and the fact that he had failed to appeal the restitution order in a criminal appeal had no bearing on the Court's federal question jurisdiction. (D.E. 59).

On August 25, 2005, Sample filed a motion for reconsideration of the order denying his motion for relief from judgment (D.E. 60), and on September 9, 2005, he filed a second motion for relief from judgment (D.E. 62).

## II. ANALYSIS

**A.     Motion for reconsideration.**

In his request for reconsideration, Sample reurges the same arguments made in his motion for relief from judgment. He argues that the Court erred in distinguishing his civil case from the Hatten criminal appeal. He also references Solsana v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987), to argue that the Court should have recharacterized his civil rights action as one for habeas corpus relief.

The Fifth Circuit distinguished between § 1983 claims and claims for habeas corpus relief in Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam), noting:

> The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.

In his original complaint, Sample argued that his restitution order was an impermissible delegation of Article III power that he could challenge as a civil rights violation, and he sought injunctive relief against the BOP. He did not challenge the fact or duration of his sentence, nor its administration. There

original complaint. (D.E. 58). Sample argued that, based on the Fifth Circuit's opinion and reference to the Hatten decision, this Court was without jurisdiction to consider his restitution claim. Id. Sample requested that the order of dismissal for failure to state a claim be vacated and substituted with a judgment dismissing his claims for lack of jurisdiction. Id. By order entered July 6, 2005, the Court denied Sample's motion for reconsideration finding that it had jurisdiction over Sample's *civil* action seeking injunctive relief, and the fact that he had failed to appeal the restitution order in a criminal appeal had no bearing on the Court's federal question jurisdiction. (D.E. 59).

On August 25, 2005, Sample filed a motion for reconsideration of the order denying his motion for relief from judgment (D.E. 60), and on September 9, 2005, he filed a second motion for relief from judgment (D.E. 62).

## II. ANALYSIS

**A.     Motion for reconsideration.**

In his request for reconsideration, Sample reurges the same arguments made in his motion for relief from judgment. He argues that the Court erred in distinguishing his civil case from the Hatten criminal appeal. He also references Solsana v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987), to argue that the Court should have recharacterized his civil rights action as one for habeas corpus relief.

The Fifth Circuit distinguished between § 1983 claims and claims for habeas corpus relief in Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam), noting:

> The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.

In his original complaint, Sample argued that his restitution order was an impermissible delegation of Article III power that he could challenge as a civil rights violation, and he sought injunctive relief against the BOP. He did not challenge the fact or duration of his sentence, nor its administration. There

was no basis for the Court to construe his civil rights complaint as a challenge to his underlying criminal conviction or sentence administration under either 28 U.S.C. § 2255 or § 2241. Moreover, plaintiff specifically argued that the BOP's administration of his restitution and "punishments" for not following the restitution schedule violated his constitutional rights. Relying on Hatten, the Court specifically found that plaintiff's claims raised a *non-constitutional issue*, such that he had failed to state a claim under § 1983. Finally, even if Sample's claims could be construed as a challenge to his underlying sentence, as noted by the Fifth Circuit, he failed to raise his Article III issue on direct appeal. As such, he was procedurally barred from raising that claim in a collateral attack. His arguments for reconsideration are without merit. Accordingly, Sample's motion for reconsideration (D.E. 60) is DENIED.

**B.       Second Rule 60(b)(4) motion.**

In his second Rule 60(b)(4) motion for relief from judgment, Sample requests relief "for the same reasons set forth in plaintiff's motion for reconsideration...". See D.E. 62. As discussed above, Sample's arguments for reconsideration are without merit. Moreover, the Fifth Circuit has previously held that "absent truly extraordinary circumstances, ... the basis for [a] second [Rule 60(b)] motion must be something other than that offered in the first." Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1204 (5th Cir. 1993). Sample's second Rule 60(b)(4) motion is a reurging of his previous nonmeritorious arguments. Accordingly, his second Rule 60(b)(4) motion (D.E. 62), is DENIED.

ORDERED this 7th day of December, 2005.

_____
Janis Graham Jack
United States District Judge