IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BRANDON C. SAMPLE § | |
| § | |
| V. § | C.A. NO. C-02-265 |
| § | |
| FEDERAL BUREAU OF PRISONS § | |

**MEMORANDUM AND RECOMMENDATION ON
MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Pending is plaintiff Brandon Sample's motion for extension of time to file a notice of appeal. (D.E. 61). The matter was referred to the undersigned magistrate judge on the issue of whether plaintiff could demonstrate good cause or excusable neglect in support of his request for an extension of time. See Fed. R. App. P. 4(A)(5). A hearing was held on December 9, 2005. For the reasons set forth herein, it is respectfully recommended that plaintiff's motion be GRANTED.

## I. PROCEDURAL BACKGROUND

On June 17, 2002, plaintiff filed this civil rights action challenging the Bureau of Prisons' Inmate Financial Responsibility Program, 28 C.F.R. §§ 545.10-.11. By order entered April 10, 2003, the Court dismissed his complaint for failure to state a claim. (D.E. 45). He appealed, and the Fifth Circuit affirmed in a per curiam opinion issued February 13, 2004. (D.E. 50, 57). On May 18, 2004, plaintiff's petition for writ of certiorari was denied.

On June 16, 2005, plaintiff filed a motion for relief from judgment pursuant to

Rule 60(b)(4) of the Federal Rules of Civil Procedure (the "first Rule 60(b)(4) motion"), arguing that the Court had lacked jurisdiction to consider his original complaint. (D.E. 58). By order entered July 6, 2005, the Court denied plaintiff's first Rule 60(b)(4) motion for relief from judgment. (D.E. 59).

On or about July 10, 2005,[1] plaintiff filed with the Fifth Circuit a motion to recall the mandate. On July 18, 2005, his motion to recall the mandate was denied.

On or about July 24, 2005,[2] plaintiff filed a motion for single judge reconsideration to recall the mandate. Sometime in the first week of August, 2005, his second motion to recall the mandate was denied.

On August 22, 2005, plaintiff executed a motion to reconsider the denial of his Rule 60(b)(4) motion, and it was entered by the Clerk on August 26, 2005.[3] (D.E.60).

On September 6, 2005, plaintff executed his motion for extension of time to file notice of appeal, and it was entered by the Clerk on September 9, 2005. (D.E. 61). He also filed a second Rule 60(b)(4) motion. (D.E. 62). By order entered December 7,

---

[1] At the hearing, plaintiff could not recall the exact date his motion to recall the mandate was filed with the Fifth Circuit. The Assistant United States Attorney testified that plaintiff's certificate of service was dated July 10, 2005.

[2] Again, the Assistant United States Attorney testified as to the date on the certificate of service.

[3] Because he is incarcerated, plaintiff's motion is deemed filed the date it is placed in the prison mail system, the earliest date being the date of execution. See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

2005, plaintiff's motion for reconsideration, (D.E.60), and second Rule 60(b)(4) motion, (D.E. 62), were denied.  (D.E. 64).

## II.  HEARING TESTIMONY

At the December 9 hearing, plaintiff testified that he did not file a motion to reconsider the denial of his first Rule 60(b) motion within ten days of the entry of that order because he chose, instead, to file a motion to recall the mandate with the Fifth Circuit.  After his motion to recall the mandate was summarily denied by the Clerk, he sought review by a Circuit Judge.  It was only after the Fifth Circuit had denied his recall motions that he filed with this Court the motion to reconsider on August 22, 2005.  (D.E. 60).  Plaintiff explained that he did not want his motion to reconsider to be pending before this Court at the same time his motions to recall were pending in the appellate court because he was concerned that the pending appellate motions might lead this Court to find it no longer had jurisdiction, and deny the motion for reconsideration on those grounds.

Plaintiff also testified that he did not file a notice of appeal of the denial of first Rule 60(b)(4) within sixty days after entry of the order because the motion for reconsideration, (D.E. 60), was pending.  He elected instead to seek an extension of time to file the notice of appeal.  (D.E. 61).

### III.  ANALYSIS AND RECOMMENDATION

Plaintiff maintains that his pending motion for consideration, coupled with his request for an extension of time to file his notice of appeal, effectively tolls the appellate deadlines.

Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, plaintiff had sixty days from the entry of the order denying his first Rule 60(b)(4) motion to timely file his notice of appeal.  The order denying his first Rule 60(b)(4) was entered on July 6, 2005.  (D.E. 59).  Therefore, he had until September 5, 2005, to timely file his notice of appeal.  September 5, 2005 was a holiday, however, so the deadline was extended until September 6, 2005.

Rule 4 of the Federal Rules of Appellate Procedure authorizes a district court to extend the time to file a notice of appeal if the party moves to do so "no later than 30 days after the time period prescribed by this Rule 4(a) expires;" *and* the party must show "excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  Plaintiff's request for an extension of time, executed and deemed filed on September 6, 2005, was thus filed on the last day for timely filing a notice of appeal, and well within the thirty 30 days extension provided by Rule 4(a)(5)(A)(i).

Plaintiff argues that his then-pending motion for reconsideration amounts to

"good cause" for not filing the notice of appeal itself within the proscribed time.[4]  A motion for reconsideration is a "judicial creation not derived from statutes or rules...." United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995).  In criminal appeals, the Fifth Circuit has recognized that a *timely* filed motion for reconsideration, that is, one filed within the time period for filing a notice of appeal, tolls the appellate time period.  Id. ("criminal case motions for reconsideration are timely if filed within the time proscribed for noticing an appeal...").  The effect of a timely filed motion to reconsider is to "extend the time in which to appeal so that it begins to run when the motion is denied." Id.; accord United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991).

In civil cases, however, a motion to amend or reconsider is brought under Rule 59(e) of the Federal Rules of Civil Procedure, and must be filed within ten days of entry of judgment.  Plaintiff's motion to reconsider, filed on August 22, 2005, was not timely under Rule 59(e).  See Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000) (Rule 59(e) motion filed within ten days was timely).  When a party fails to timely file a motion to reconsider, even if the appellant files a notice of appeal within the statutory time limit, that notice of appeal is not timely filed.  See Trust Co. Bank v.

---

[4] Defendant argues that plaintiff's action lacks jurisdiction, relying on Lancaster v. Presley, 35 F.3d 229 (5th Cir. 1994).  Plaintiff responds that defendant has waived this argument by never responding to his motions.  The Court has already implicitly determined that it has jurisdiction. See (D.E. 59, 64).

United States Gypsum Co., 950 F.2d 1144, 1147 (5th Cir. 1992).

Regardless, as noted above, plaintiff's motion for an extension of time to file his notice of appeal was filed within the 60-day deadline for filing a notice of appeal. Love v. Nat'l Med. Enters., 230 F.3d 765, 770 (5th Cir. 2000). At that time, he had pending, timely or not, his motion for reconsideration. Plaintiff testified that he believed his motion for reconsideration would toll the time to file an appeal, and, he timely sought an extension of time to file his notice of appeal.

Generally, an *attorney's* misinterpretation of a clear and unambiguous rule does not constitute good cause or excusable neglect to extend the time to file a notice of appeal. Halicki v. Louisiana Casino Cruises, 151 F.3d 465, 467-70 (5th Cir. 1988). However, the determination is an equitable one. Id. at 468 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). The court is to consider all relevant circumstances, including the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. Id.

In this case, plaintiff is not a licensed attorney. He testified that he pursued relief in the Fifth Circuit, and when his request was denied, filed a motion to reconsider within two weeks thereafter.[5] The government did not file a response in

---

[5] It should be noted that counsel for the Government argues, not unreasonably, that plaintiff's pursuit of relief in the Fifth Circuit constituted a strategic decision that should not form

opposition to his post-judgment motions. His motion for extension of time was timely. There is no evidence to suggest that plaintiff did not act in good faith. There is no evidence that the government would suffer prejudice were he permitted to file his notice of appeal.

Moreover, "[c]ourts of appeal often give more leeway to a district court's decision to grant an extension than they give to a district court's refusal to do so." Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 879 (5th Cir. 1998) (emphasis added). This is due to the equitable nature of this rule. Id. Based on this guiding principle, it is respectfully recommended that the Court grant plaintiff's motion for an extension of time to file a notice of appeal.

Respectfully submitted this 14th day of December 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

the basis for either a finding of "good cause" or "excusable neglect."

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).