IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BRANDON C. SAMPLE                    §
                                     §
v.                                   §          C.A. NO. C-02-265
                                     §
FEDERAL BUREAU OF PRISONS            §

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S THIRD MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff is a federal prisoner currently incarcerated at the Federal Prison

Camp in Duluth, Minnesota.  On June 17, 2002, while incarcerated in federal

prison in Three Rivers, Texas he filed a pro se civil action challenging the

authority of the Federal Bureau of Prisons ("BOP") to determine payment

schedules for court-ordered restitution according to the Inmate Financial

Responsibility Program ("IFRP").  (D.E. 1, 36).  That action was dismissed for

failure to state a claim, (D.E. 41, 45), and two previous motions for relief from

judgment were denied.  (D.E. 58, 59, 62, 64).  Pending is Plaintiff's third motion

for relief from judgment.  (D.E. 74).

## I.  BACKGROUND

On March 24, 2000, Plaintiff pled guilty to conspiracy and money

laundering, as well as aiding and abetting the possession of counterfeit securities

and stolen mail.  United States v. Poe, et al., CR-99-721-3 (S.D. Tex. 1999), at

(D.E. 115, at 1).  He was convicted and sentenced to 168 months incarceration on

March 24, 2000.  Id. at 8.  The court also imposed a special assessment of $1,800

and restitution in the amount of $275,000, and ordered that both be paid

immediately.  Id. at 6-7.  Plaintiff unsuccessfully appealed to the Fifth Circuit on a

range of grounds that included a challenge to the calculation of the amount of

funds he laundered, but did not include any challenge to his payment schedule or to

the constitutionality of any restitution programs.  United States v. Sample, No. 01-

20261, 2002 WL 493833 (5th Cir. Mar. 11, 2002) (per curiam) (unpublished).

On June 17, 2002, Plaintiff filed a complaint challenging BOP's

constitutional authority to determine the schedule whereby his assessment and

restitution were collected.  (D.E. 1, 36).  On March 14, 2003, a memorandum and

recommendation was issued recommending that it be denied for failure to state a

claim upon which relief could be granted.  (D.E. 41).  The magistrate judge

reasoned that unconstitutional delegations of Article III powers with respect to

payment schedules could not occur where the amount was determined by the court

and ordered to be paid immediately after the judgment.  Id. at 5-7.  She further

noted that Plaintiff's claim represented an impermissible collateral attack on his

sentence that should have been raised on direct appeal.  Id. at 7-10.  On April 8,

2003, this Court adopted the memorandum and recommendation and entered final

judgment dismissing Plaintiff's claims.  (D.E. 45, 46).

On April 23, 2003, Plaintiff filed a motion to alter or amend the judgment, reiterating the merits of his claim.  (D.E. 48).  That motion was denied on April 28, 2003.  (D.E. 49).  The Fifth Circuit dismissed his appeal on February 13, 2004, agreeing that he "should have raised his challenge to the restitution aspect of his sentence on direct appeal."  Sample v. Federal Bureau of Prisons, No. C-03-40793, 88 F. App'x 704, at *1 (5th Cir. Feb. 13, 2004) (per curiam) (unpublished) (citation omitted).  On May 3, 2004, the United States Supreme Court denied a writ of certiorari.  Sample v. Federal Bureau of Prisons, 541 U.S. 1035 (2004).

On June 16, 2005, Plaintiff filed a motion for relief from judgment, arguing that this Court should have dismissed his claim for lack of jurisdiction rather than for failure to state a claim.  (D.E. 58).  His motion was denied on July 4, 2005. (D.E. 59).  On August 25, 2005, Plaintiff filed a motion for reconsideration of the order on his motion for relief from judgment, citing additional case law that purportedly substantiated his claim that his original complaint should have been dismissed for lack of jurisdiction rather than for failure to state a claim.  (D.E. 60). He filed a second motion for relief from judgment on September 9, 2005, re-urging the argument made in his motion for reconsideration.  (D.E. 62).  On December 7, 2005, those motions were both denied.  (D.E. 64).  Plaintiff appealed that ruling

and then withdrew the appeal before the Fifth Circuit considered the matter.  (D.E. 69, 73).

On January 28, 2011, Plaintiff filed this motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  (D.E. 74).  In the pending motion, he again asks for his original claim to be dismissed for lack of subject matter jurisdiction rather than for failure to state a claim.  He argues that his original claim should have been brought in a habeas corpus petition rather than in a civil complaint filed pursuant to the Administrative Procedures Act ("APA").

## II.  DISCUSSION

### A.    The Standard For Rule 60(b) Motions.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment.  Fed. R. Civ. P. 60(b)(1)-(5).  In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief."  Subsection (6) is meant for "'unforeseen contingencies'" and "'accomplishing justice in exceptional circumstances.'"  Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007) (citations

omitted) (emphasis added).  A Rule 60(b)(6) motion must be made within one year

after entry of judgment for subsections (1), (2), and (3), and otherwise, within a

reasonable time.  Fed. R. Civ. P. 60(c)(1).

**B.     Plaintiff's Motion Is Without Merit.**

Plaintiff believes he is entitled to relief from judgment on the grounds that it

is void.  (D.E. 74, at 1).  He argues that his initial complaint should have been filed

pursuant to 28 U.S.C. § 2241 and not the APA, and that it should therefore be

retroactively dismissed for lack of jurisdiction rather than failure to state a claim.

Id. at 1-2.  Plaintiff has made this argument before, (D.E. 58, 60), and seen it

rejected before.  (D.E. 59, 64).  The only novelty in his latest filing is its reliance

on a subsequently issued Fifth Circuit decision: United States v. Diggs, 578 F.3d

318 (5th Cir. 2009).

Like the opinions he has cited in his previous motions, Diggs does not

control the disposition of Plaintiff's claim.  That case dealt with a prisoner

specifically requesting a decrease in the amount of money he had to pay per month

according to his restitution plan because of financial hardship.  Id. at 319.  The

Fifth Circuit concluded that Diggs was "not challenging a payment schedule made

by the court, but instead is opposing his scheduled payment amount under the

IFRP.  That program is administered by the BOP, and a challenge to BOP

administrative programs must be filed under 28 U.S.C. § 2241."  Id.

Diggs is inapposite for three principal reasons.  First, it did not concern, as

Plaintiff suggests, an "APA challenge to the IFRP," but rather an action brought

pursuant to 18 U.S.C. § 3664(k), a provision of the restitution statute in the federal

criminal code.[1]  Id.  That statute allows for modifications to court-ordered

restitution plans when an inmate's economic circumstances materially decline.  18

U.S.C. § 3664(k).  The Fifth Circuit's clear intention, therefore, was to distinguish

the proper legal vehicle used in challenges to court-imposed payment schedules

from that used in challenges to payment plans designed by the BOP, a distinction

that has no bearing on Plaintiff's situation.

Second, the Fifth Circuit in Diggs took care to note that the prisoner had not

been ordered by the court to pay restitution immediately, as Plaintiff was, and

suggested that the outcome would have been altered if he had.  Diggs, 578 F.3d at

320 ("Likewise, were he paying part of the restitution on his own schedule because

of the court's requirement that repayment be immediate, he could seek relief under

§ 3664(k).").  Plaintiff has already been reminded of the ramifications of this

important distinction.  (D.E. 41, at 5-7).

---

[1] Indeed, the APA has always been a red herring in Plaintiff's filings, as his action was, from its inception, construed by the Court as a civil claim pursuant to U.S.C. § 1983.  See, e.g., (D.E. 64, at 2).

Third, and most importantly, Plaintiff has never portrayed his claim as a

quibble with the specific amounts or deadlines imposed upon him in his payment

schedule.[2]  On the contrary, he avowedly filed his complaint as a constitutional

challenge to the authority of the BOP to impose a payment schedule in the first

place.  (D.E. 1, 36).  The reasoning in Diggs is consequently inapplicable to his

action.

Indeed, the gloss placed on Diggs by the other circuit courts, which Plaintiff

also cites, only reinforces this reading of its limitations.  See McGee v. Martinez,

627 F.3d 933, 937 (3d Cir. 2010) ("where the 'claims of the petitioners challenge

the IFRP's payment schedule for their respective financial obligations,' those

claims 'concern the execution of sentence, and are therefore correctly framed as

§ 2241 claims'") (quoting Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir.

2002) (emphasis added)).  Plaintiff does not challenge the IFRP's payment

schedule, but instead challenges the constitutionality of the IFRP as a program.  As

such, his claim does not concern the execution of his sentence and is not suited to a

§ 2241 petition.  None of the other decisions citing Diggs involve challenges

---

[2] Plaintiff appears to have pursued claims of that nature in other actions.  See, e.g.,
Sample v. Roal, No. 09-1943, 2010 WL 2131002, at *2 (D. Minn. Mar. 1, 2010) (unpublished)
(noting that Plaintiff "sought a modification of the district court's restitution payment schedule
based on a number of reasons, including allegations of changed circumstances.  The court denied
the motion because it found no change in [his] economic circumstances since sentencing.").

similar to Plaintiff's action.  There is therefore no reason to believe it affected the

case law previously relied upon by this Court, or by the Fifth Circuit in affirming

the dismissal, and no reason to revisit either of those analyses.

Finally, Plaintiff does not appear to be seeking "relief" from judgment in the

traditional legal sense.  That is, he does not suggest that he intends to file a petition

for habeas relief after the dismissal of his original complaint is vacated.  Indeed, as

the Court has already noted, even if Plaintiff's claims were appropriate material for

a habeas petition and he articulated them in one, they would still be dismissed

because he failed to raise them on direct appeal and is thus barred from raising

them in a collateral attack.  See (D.E. 64, at 3).  Nor, if Plaintiff surmounted these

formidable procedural hurdles, would he prevail on the merits.  See Bloch v. Lake,

183 F. App'x 471, 471 (5th Cir. 2006) (per curiam) (unpublished) (Bloch "argues

that the IFRP payment plan constituted an impermissible delegation of Article III

power to a non-judicial entity.  Because the sentencing court set the amount of

restitution and ordered that the restitution was due immediately, there was no

unconstitutional delegation of judicial authority.") (citations omitted).

Apparently acknowledging these facts, Plaintiff instead submits that "the

Court's dismissal for failure to state a claim has tarnished the Plaintiff's otherwise

pristine litigation record while incarcerated." (D.E. 74, at 1-2 n.1).  He seeks to

redeem himself from this stigma so that he might "do a little bragging about his litigation record" in the law school applications that he plans on submitting upon his release.  Id.  Plaintiff's ambition notwithstanding, Rule 60(b) was enacted to avoid miscarriages of justice, not to burnish the credentials of graduate school applicants.  Indeed, such ambition does not warrant filing frivolous motions.

Accordingly, it is respectfully recommended that Plaintiff's motion for relief from judgment is without merit.

### III.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Plaintiff's motion for relief from judgment, (D.E. 74), be denied.

Respectfully submitted this 11th day of February 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).